IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                          CRIMINAL NO. 16-50027-001

LESLIE ERIN CURTIS                                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **"Motion for Concurrent Sentence under 5G1.3" (Doc. 60).** The undersigned, being well and sufficiently advised, finds and recommends as follows:

On December 16, 2016, a judgment was entered in this Court sentencing the Defendant to 121 months imprisonment for the offense of conspiring to distribute methamphetamine. According to the Presentence Investigation Report, Defendant's state parole was revoked on March 17, 2016, due to the charges in this Court. (Doc. 36 ¶¶ 37, 59.) In the motion currently before the Court, Defendant cites U.S.S.G. 5G1.3 and requests that her state and federal sentences be run "concurrently." However, Application Note 4(C) to U.S.S.G. 5G1.3(d) recommends that a federal sentence be imposed consecutively to a state parole revocation sentence. Thus, it appears that Defendant's federal sentence and state parole revocation sentence are being properly served as consecutive sentences.

To the extent that Defendant is seeking credit toward her federal sentence for time she spent in state custody on the parole revocation sentence, a request for credit for prior custody must be made, in the first instance, through the Bureau of Prisons ("BOP"). Administrative procedures exist within the Bureau of Prisons to review the Bureau's failure to credit the time

a Defendant has served. Once the Defendant has exhausted her administrative remedies, she may then seek judicial review of any jail-time credit determination by the BOP by filing a habeas petition under 28 U.S.C. § 2241 in either the district where she is confined in Alabama, in the United States District Court for the District of Columbia, or in any district in which the BOP maintains a regional office.. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004); United States v. Chappel, 208 F.3d 1069, 1070 (8th Cir. 2000).

Accordingly, the undersigned recommends denying Defendant's **Motion (Doc. 60)**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 14th day of June, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)